**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| WESSIE CORP. ET AL., : | |
| : | Civil Action No. |
| Plaintiffs, : | 06-589 (NLH) |
| : | |
| v. : | |
| : | |
| SEA ISLE CITY ZONING BD. OF : | **OPINION** |
| ADJUSTMENT, ET AL., : | |
| : | |
| Defendants. : | |

**APPEARANCES:**

Frank L. Corrado
Barry, Corrado, Grassi & Gibson, P.C.
2700 Pacific Avenue
Wildwood, NJ 08620
     and
Mary D'arcy Bittner
Law Office of Mary D'arcy Bittner, LLC
15 Lake Vista Drive
P.O. Box 471
South Seaville, NJ 08246
*Attorneys for Plaintiffs*

James B. Arsenault, Jr.
Office of County Counsel
4 Moore Road, DN-104
Cape May Court House, NJ 08210
*Attorney for Defendant Sea Isle City Zoning Board of Adjustment*

Richard L. Goldstein
Marshall, Dennehey, Warner, Coleman & Goggin, PA
Woodland Falls Corporate Park
200 Lake Drive East
Suite 300
Cherry Hill, NJ 08002
*Attorney for Defendant Ellen Nicholson Byrne, individually, as well as in capacity as Solicitor to Zoning Board*

Glenn Alan Zeitz
38 Haddon Avenue

Haddonfield, NJ 08033-8445
*Attorney for Defendant Patricia Urbaczewski, individually, as well as in capacity as Member of Zoning Board*

**HILLMAN, District Judge**

### I.   INTRODUCTION

This case concerns a zoning dispute over a gazebo that was built in Sea Isle City, New Jersey.  After several denials of their application for a height variance for the gazebo, plaintiffs filed a complaint in New Jersey state court.  The case was removed to this Court on February 2, 2006, on the ground that this Court has jurisdiction over plaintiff's 42 U.S.C. § 1983 claim pursuant to 28 U.S.C. § 1331 (federal question jurisdiction).  An amended complaint was filed on February 23, 2006 alleging due process violations under the U.S. Constitution and the New Jersey Constitution as well as violations of the New Jersey Municipal Act.  Before the Court are defendants' motions to dismiss pursuant to Rule 12(b)(6).

### II.   FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Wessie Corp. ("Wessie") is the owner of property located at 7908 Central Avenue in Sea Isle City, New Jersey (the "Property") where the gazebo is located.  Plaintiff Louise Clemente is the principal of Wessie and lives at the Property. Defendant Patricia Urbaczewski lives near the Property at 218 18th Street, Sea Isle City, New Jersey.  Urbaczewski is a member

of the Sea Isle City zoning board and the chair of the city planning board.  Defendant Ellen Nicholson Byrne is the solicitor for the zoning board.

The original plans for the gazebo showed the structure would be built according to the zoning code, but, as built, the structure is higher than permitted by the zoning code.  The Property is classified as a R-2 Zone which restricts the maximum height for accessory structures at fifteen feet.  Plaintiffs applied for a height variance and the first hearing was held on June 10, 2003.  At that hearing, plaintiffs state that Urbaczewski was on vacation and not present, but that she was represented by counsel, Kristopher Facenda, Esquire, who cross-examined the applicant and placed Urbaczewski's opposition on the record.  Plaintiffs also allege that Byrne was present at the hearing as the board's solicitor but instead of advising the board she took an adversarial role in the proceedings and introduced evidence into the record.  The zoning board denied the variance.

The findings adopted by the zoning board following the June 10th hearing provide that the height of the gazebo is at least 19.89 feet, which exceeds the height restriction by 4.89 feet.  The zoning board also found that when the height of the "backfill" in the rear yard of the Property is added, the height of the gazebo may be 21.59 feet which would exceed the height

restriction by as much as 6.59 feet.

Plaintiffs filed an action in lieu of prerogative writs[1] in the New Jersey Superior Court on August 25, 2003, challenging the board's decision as "arbitrary, capricious and unreasonable." The New Jersey Superior Court vacated the board's decision on the grounds that denial of the variance was not supported by the record, and remanded the matter to the board for reconsideration and specific factual findings. A remand hearing was held on September 13, 2004 and the board, relying on testimony and evidence elicited at the previous hearing, again denied the variance. Urbaczewski was present at the hearing but did not participate. Byrne participated as the board's solicitor.

Plaintiffs again sought to appeal the decision but, because no tape existed of the hearing due to a supposed equipment malfunction, agreed to conduct the hearing again for the purpose of generating a transcript. The second remand hearing was

---

[1] Plaintiffs characterized the action as an "appeal" in their amended complaint. Defendants state that it was an action in lieu of prerogative writs which was not disputed by the plaintiffs. An action in lieu of prerogative writs is a right under the New Jersey Constitution, art. VI, § 5, ¶ 4, permitting "parties to seek 'review, hearing and relief' in the Superior Court of all actions of municipal agencies.'" Rivkin v. Dover Twp. Rent Leveling Board, 671 A.2d 567, 580-81 (N.J. 1996). This action serves as an appeal of municipal board decisions and allows the court to "... set aside a municipal board decision if it is shown to be arbitrary, capricious or unreasonable, not supported in the evidence, or otherwise contrary to law." Id. (citations omitted). The Rivkin decision describing an action in lieu of prerogative writs is discussed infra III.B.2.

scheduled on May 25, 2005 but did not go forward because the defendants would not allow plaintiffs' counsel to put his concerns on the record regarding Byrne's representation of Urbaczewski.  Specifically, plaintiffs had recently learned that Byrne acted as Urbaczewski's and her husband's personal attorney at hearings held in February and March 2005 regarding the Urbaczewskis' application for approval of a subdivision filed with the planning board of Middle Township.  Byrne did not voluntarily disclose this information to the plaintiffs.  Plaintiffs also complain that Byrne refused to allow them to speak with Urbaczewski based on Byrne's legal representation of Urbaczewski.

   The second remand hearing was ultimately held on July 15, 2005.  Plaintiffs complain that the zoning board permitted Urbaczewski to provide testimony in opposition to the application for variance and also allowed Urbaczewski to participate in closed-door meetings of the board.  The board again denied plaintiffs' application for variance.  The board memorialized their decision in a resolution adopted on November 7, 2005.  Plaintiffs did not file a second action in lieu of prerogative writs in state court, but rather filed a Section 1983 action.  Defendant Sea Isle City Zoning Board filed a motion to dismiss which was joined by defendant Urbaczewski.  Defendant Byrne filed a separate motion to dismiss.

### III.  DISCUSSION

**A.  Standard for Motion to Dismiss**

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff.  Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005).  It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Under the liberal federal pleading rules, it is not necessary to plead evidence, and it is not necessary to plead all the facts that serve as a basis for the claim.  Bogosian v. Gulf Oil Corp., 562 F.2d 434, 446 (3d Cir. 1977).  However, "[a]lthough the Federal Rules of Civil Procedure do not require a claimant to set forth an intricately detailed description of the asserted basis for relief, they do require that the pleadings give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 149-50 n.3 (1984) (quotation and citation omitted).

A district court, in weighing a motion to dismiss, asks "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim.'"

6

Bell Atlantic v. Twombly, 127 S. Ct. 1955, 1969 n.8 (2007) (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)). A court need not credit either "bald assertions" or "legal conclusions" in a complaint when deciding a motion to dismiss. In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429-30 (3d Cir. 1997). The defendant bears the burden of showing that no claim has been presented. Hedges v. U.S., 404 F.3d 744, 750 (3d Cir. 2005) (citing Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991)).

**B.   Section 1983 Claim**

In order to prevail on a 42 U.S.C. § 1983 claim, a plaintiff must allege that a person acting under color of state law has deprived the plaintiff of a right, privilege or immunity secured by the U.S. Constitution or other federal law. See 42 U.S.C. § 1983. There is no dispute that the defendants were acting under color of state law. The federal right implicated is plaintiffs' Fourteenth Amendment right to due process of law. Plaintiffs have alleged that their substantive and procedural due process rights have been violated by defendants.

**1.   Substantive Due Process**

"To prevail on a substantive due process claim arising from a municipal land use decision, a plaintiff must establish that (1) he has a property interest protected by due process, and (2)

7

the government's deprivation of that property interest "shocks the conscience." Cherry Hill Towers, L.L.C. v. Township of Cherry Hill, 407 F. Supp. 2d 648, 654 (D.N.J. 2006)(citing Spradlin v. Borough of Danville, No. 4:CV 02 2237, 2005 WL 3320788 at *8 (M.D. Pa. Dec. 7, 2005); United Artists Theatre Circuit, Inc. v. Twp. of Warrington, 316 F.3d 392, 399-400 (3d Cir. 2003).

    (a). Property Interest

Defendants argue that plaintiffs do not have a property interest in an illegal structure. This is a circular argument of sorts since the structure is considered "illegal" because the defendant has not granted a variance for the structure. Nevertheless, even without the variance, plaintiffs still have a property interest in the structure. As noted in the Cherry Hill Towers decision, "[t]he Third Circuit has held that cases involving 'zoning decisions, building permits, or other governmental permission required for some *intended use* of land owned by the plaintiff []" implicate the fundamental property interest in the ownership of the land." Id. at 654 (citing Indep. Enters., Inc. v. Pittsburgh Water and Sewer Auth., 103 F.3d 1165, 1179 n. 12 (3d Cir. 1997)(emphasis added). We find that plaintiffs have met the first prong and established that they have a property interest in the gazebo.

   (b).  <u>Shock the Conscience</u>

 As explained in <u>Cherry Hill Towers</u>, the "improper motive test" was abandoned by the Third Circuit following the Supreme Court's decision in <u>County of Sacramento v. Lewis</u>, 523 U.S. 833 (1998) which established the "shocks the conscience" test.  <u>Id.</u> at 654.  The new test was "designed to avoid converting federal courts into super zoning tribunals." <u>Id.</u> at 655 (citing <u>Eichenlaub v. Twp. of Indiana</u>, 385 F.3d 274, 285 (3d Cir. 2004).

 The starting point of this dispute is that plaintiffs built a gazebo that was not according to the plans that they submitted to the zoning board.  The plans submitted to the zoning board indicated that the gazebo would be built in accordance with the 15 foot maximum height restriction for accessory structures in an R-2 Zone.  The gazebo, as built, exceeds the maximum height restriction by 4.89 feet, or by as much as 6.59 feet if the height of the "backfill" in the rear yard of the Property is taken into account.

 Plaintiffs do not dispute the fact that the gazebo exceeds the 15 foot height restriction zoned for the Property.  Plaintiffs also do not argue that the zoning board does not have the right to either grant or deny a variance.  Plaintiffs do not allege that they were denied hearings on their request for a variance.  Their complaint is that defendants violated certain procedures during the hearing process on whether to grant the

9

variance. Specifically, plaintiffs allege that defendant Byrne served as both the solicitor to the zoning board at the same time that she acted as the personal attorney to defendant Urbaczewski, a zoning board member and dissenter to granting the variance, in an unrelated zoning matter. Plaintiffs state that Byrne improperly interjected herself in the zoning hearings on the variance, and improperly submitted evidence relied upon by the zoning board in denying the variance. Plaintiffs also relate a series of procedural missteps including Byrne's refusal to allow plaintiffs to have discussions with Urbaczewski concerning the variance, the board's refusal to allow plaintiffs' counsel to state their concerns about Byrne's impartiality on the record, the board's decision to conduct closed meetings with Byrne and Urbaczewski, and the board's purposeful prolonging of the hearing process. Plaintiffs argue that these facts portray "a corrupt zoning regime" and "self-dealing."

Although plaintiff may have raised some concerns about the procedure followed by the zoning board, and the possible conflict of interest exhibited by Byrne, we do not find that the facts as alleged by plaintiffs rise to the level that would "shock the conscience." Such a standard "encompasses 'only the most egregious official conduct.'" See Cherry Hill Towers, 316 F.3d at 655.

The cases cited by plaintiffs illustrate that the type of conduct alleged by plaintiffs is not the type to implicate substantive due process concerns under § 1983.  In <u>Eichenlaub v. Twp. of Indiana</u>, 385 F.3d 274, 286 (3d Cir. 2004), the plaintiffs alleged that "zoning officials applied subdivision requirements to their property that were not applied to other parcels; that they pursued unannounced and unnecessary inspection and enforcement actions; that they delayed certain permits and approvals; that they improperly increased tax assessments; and that they maligned and muzzled the Eichenlaubs." The Third Circuit concluded that such complaints were "examples of the kind of disagreement that is frequent in planning disputes."  The Third Circuit distinguished a zoning dispute with the kind of gross misconduct that would shock the conscience as cases involving claims of unconstitutional "taking" without just compensation or an improper seizure in violation of the Fourth Amendment. <u>Id.</u> at 285 (citing <u>Conroe Creosoting Co. v. Montgomery Cty</u>, 249 F.3d 337, 340 (5th Cir. 2001)(allegation that "officials fraudulently converted a tax levy for a $75,000 deficiency into an unauthorized seizure and forced sale and destruction of an $800,000 ongoing business").

In <u>Creative Environ., Inc. v. Estabrook</u>, 680 F.2d 822, 831 (1st Cir. 1982), the plaintiffs alleged that the town's rejection of their development plan to build a subdivision, the

11

raising of the filing fee for subdivision plans, and the town's insistence that plaintiffs submit an entirely new subdivision plan when the state court only required them to designate "open space" was a misapplication of state law resulting in a denial of their right to conduct a legitimate business. The court rejected their argument and concluded that plaintiffs complaints were "... typical of the run of the mill dispute between a developer and a town planning agency, regardless of [plaintiff's] characterizations of it and of defendants' alleged mental states, [and did not] rise to the level of a due process violation." Id. at 833.

Of the cases relied upon by plaintiffs, only one recognized a claim for substantive due process. In County Concrete Corp. v. Twp. of Roxbury, 442 F.3d 159, 170 (2006), the appellants argued that the township impeded their efforts to expand their sand and gravel extraction business "through false allegations, verbal disparagement and the imposition of illegal conditions and restrictions on their business in violation of a 1993 agreement." It was "on the heels" of this animus between the appellants and the township, that the township enacted an ordinance rezoning the appellants' land from industrial use to rural residential or open space. Id. The land had been zoned industrial for almost fifty years and the rezoning action was alleged to have been taken knowing it would violate appellants' legal and contractual rights

12

and with the desire to prevent appellants from operating their business. Id. The Third Circuit concluded that the appellants had sufficiently alleged a claim of substantive due process violations providing that they "had the right to be free from harassment in [its] land development efforts." Id. (quoting Blanche Road Corp. v. Bensalem Twp., 57 F.3d 253, 258 (3d Cir. 1995).

County Concrete is distinguishable from this case. In County Concrete, appellants alleged that the only motivation for enacting an ordinance was to rezone the appellants' property which is an improper use of the zoning authority. Here, plaintiffs have not alleged that the zoning board does not have the authority to deny a variance. Their dispute is that the zoning board denied their particular request for variance for a structure that violates previously existing height restrictions. There is no allegation that the zoning board changed the height requirement for the sole purpose of finding the gazebo to be in violation. The height requirement existed before the gazebo was built, and the plans originally submitted for building the gazebo complied with the height requirement. Plaintiffs built the gazebo higher than permitted under the existing zoning ordinance. In addition, County Concrete relied on Blanche Road in determining that appellants made out a substantive due process claim. Id. Blanche Road applied a lower standard than the
13

currently applied "shocks the conscience" test and subsequently was abrogated on that ground. See <u>United Artists</u>, 316 F.3d at 400 (finding <u>Blanche Road</u> applied the "improper motive" test and, therefore, could not be reconciled with the "shock the conscience" test applied in <u>Lewis</u>, 523 U.S. at 847).

We find that this case is similar to <u>Eichenlaub</u> and <u>Creative Environ.</u> in that it is essentially an adverse ruling by the zoning board to refuse to grant a height variance. "It is not enough simply to give [] state law claims constitutional labels such as "due process" or "equal protection" in order to raise a substantial federal question under section 1983. As has been often stated, '(t)he violation of a state statute does not automatically give rise to a violation of rights secured by the Constitution.'" <u>Creative Environ.</u>, 680 F.3d at 833. In sum, the misconduct alleged by plaintiffs do not "shock the conscience" as required in order to bring a federal substantive due process claim and, therefore, plaintiffs' claim is denied.

### 2.  **Procedural Due Process**

The Supreme Court has ruled that "[t]he fundamental requirement of due process is the opportunity to be heard and it is an "opportunity which must be granted at a meaningful time and in a meaningful manner." <u>Parrat v. Taylor</u>, 451 U.S. 527, 540 (1981) <u>overruled</u> <u>on</u> <u>other</u> <u>grounds</u> <u>by</u> <u>Daniels v. Williams</u>, 474

U.S. 327, 328 (1986)(overruling <u>Parrat</u>'s holding that the Due Process Clause is implicated by negligent acts; <u>Daniels</u> holds that the Due Process Clause "is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property."). The Supreme Court rejected the notion that a hearing "at a meaningful time and in a meaningful manner" suggests that the State must provide a hearing prior to the alleged deprivation of property. <u>Id.</u>

Here, the zoning board held three hearings related to the request for the height variance. The first hearing held on June 10, 2003, resulted in the zoning board denying the variance. Plaintiffs filed an action in lieu of prerogative writs which resulted in the New Jersey Superior Court vacating the board's decision and remanding the matter to the board for reconsideration and specific factual findings. The zoning board again denied the variance at the remand hearing held on September 13, 2004. Plaintiffs state that they were going to appeal but instead agreed to conduct the hearing again because no tape existed in order to generate a transcript. The re-hearing was scheduled for May 25, 2005 but was not held due to the defendants' refusal to allow plaintiffs to state their concerns on the record about Byrne's alleged conflict of interest. The hearing was ultimately held on July 15, 2005, in which the zoning board again denied the application for variance.

In their recitation of the procedural process, plaintiffs do not argue that they did not receive a pre-deprivation hearing.[2] The record shows that three hearings were held regarding their application for variance. Plaintiffs do not state that they were denied a post-deprivation hearing as the facts show that they filed an action in lieu of prerogative writ after the first denial of their request for a variance. Plaintiffs do not argue that the process of holding hearings before the zoning board, or appealing to the New Jersey courts does not afford them due process. Rather, plaintiffs argue that the hearings held regarding their request for variance were inadequate because the participation by Byrne in all three, as well as the participation by Urbaczewski in the final hearing, including "close-door" proceedings, tainted the process so that plaintiffs were deprived of procedural due process.

Even assuming that the hearings before the zoning board were tainted because the board was biased in favor of Urbaczewski, the hearings did not operate to deprive plaintiffs of their property. Plaintiffs were not prevented from building the gazebo, nor have they, as of yet, been required to take it down. In other words, no "taking" or "deprivation" has occurred. Plaintiffs argue that

---

[2] Pre-deprivation hearing refers to hearings held before the deprivation of property while post-deprivation hearings are held after the plaintiff is deprived of property. See, e.g., Logan v. Zimmerman Brush Co., 455 U.S. 422, 434-36 (1982).

the pre-deprivation hearings were inadequate, but the hearings did not result in any deprivation. The property interest that plaintiffs have is in the gazebo, not in the variance. They have no right to a variance and, therefore, have not been deprived of property. Ultimately, the failure to obtain a variance could result in the alteration or destruction of the gazebo which could amount to a deprivation of property. However, such action has not been taken and plaintiffs are not deprived at this point in the process of their property. Indeed, an extended appeal process permits plaintiffs to keep the property.

With regard to a "post-deprivation" remedy, we turn to Rivkin v. Dover Twp. Rent Leveling Bd., 671 A.2d 567, 577 (N.J. 1996). In Rivkin, the plaintiffs alleged that the presence of a biased board member deprived them of property without due process of law. As in this case, in Rivkin, the post-deprivation remedy afforded to the aggrieved party is "an action in lieu of prerogative writs." Id. at 580-81. This is a right under the New Jersey Constitution that permits "parties to seek 'review, hearing and relief' in the Superior Court of all actions of municipal agencies.'" Id. at 581 (citing N.J. Const. art. VI, § 5, ¶ 4). See also N.J. Rule 4:69 (implementing N.J. Const. art. VI, § 5, ¶ 4). "A court may set aside a municipal board decision if it is shown to be arbitrary, capricious or unreasonable, not supported in the evidence, or otherwise contrary to law." Id.

(citations omitted).  The court in Rivkin concluded that an action in lieu of prerogative writs was an adequate remedy even if it did not afford all the protections and remedies provided under Section 1983 actions.  Id.

　　　Here, we understand plaintiffs to argue that the remedy of a an action in lieu of prerogative writs is inadequate because they have already tried that route and were remanded back to the same zoning board whom they claim operates in favor of the one person opposed to their request for variance.  In taking this position, plaintiffs assume that an appeal from the remand hearing will result in the same decision by the New Jersey courts.  It is possible that plaintiffs will receive the relief they seek.  Plaintiffs have not alleged that the New Jersey courts are biased against them or operate in favor of Urbaczewski.  In fact, in the first appeal, the New Jersey Superior Court ruled in plaintiffs' favor.  Plaintiffs have not stated, nor is there anything in the record that suggests, that an appeal from the remand hearing could not afford plaintiffs proper relief.  Plaintiffs have not alleged facts that could support a finding at this point in the process that the procedure provided to them under the New Jersey Constitution and pursuant to the New Jersey court rules violates plaintiffs' procedural due process rights under the Fourteenth Amendment of the U.S. Constitution.  Plaintiffs's claim for federal procedural due process is denied.

### C. State Law Claims

Since we have dismissed plaintiffs' federal claims, we do not exercise supplemental jurisdiction over their remaining state law claims. See 28 U.S.C. § 1367(c)(3); Johnson v. Knorr, 477 F.3d 75, 86-87(refusing to preclude district court's dismissal of state law claims if the Section 1983 claims are dismissed). Thus, plaintiffs' state law claims are dismissed.

### IV. CONCLUSION

For the foregoing reasons, we grant defendants' motions for to dismiss. An Order consistent with this Opinion will be entered.

                                              s/Noel L. Hillman
                                        NOEL L. HILLMAN, U.S.D.J.

At Camden, New Jersey

Date: June 29, 2007